December 16, 2015
OFFICE OF
APPELLATE COURTS


STATE OF MINNESOTA

IN SUPREME COURT

A15-0743

In re Petition for Disciplinary Action against
Kara Jane Jensen Zitnick, a Minnesota Attorney,
Registration No. 0317469.

ORDER

The Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent Kara Jane Jensen Zitnick committed professional misconduct warranting public discipline—namely, failing to communicate with a client; failing to hold client funds in trust; failing to timely return client funds; failing to maintain the required trust account books and records; creating shortages in her trust account; and failing to cooperate with a disciplinary investigation. *See* Minn. R. Prof. Conduct 1.4(a)(3), 1.4(a)(4), 1.15(a), 1.15(c)(3), 1.15(h), as interpreted by Appendix 1 thereto, 1.16(d), 8.1(b), 8.4(c); Rule 25, Rules on Lawyers Professional Responsibility (RLPR).

Respondent withdraws her answer, waives her procedural rights under Rule 14, RLPR, and unconditionally admits the allegations in the petition. The parties jointly recommend that the appropriate discipline is a 60-day suspension and 2 years of supervised probation.

The court has independently reviewed the file and approves the recommended disposition.

1

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1.      Respondent Kara Jane Jensen Zitnick is suspended from the practice of law for a minimum of 60 days, effective 14 days after the date of this order.

2.      Respondent shall comply with Rule 26, RLPR (requiring notice of suspension to clients, opposing counsel, and tribunals);

3.      Respondent shall pay $900 in costs pursuant to Rule 24, RLPR;

4.      Respondent shall be eligible for reinstatement to the practice of law following the expiration of the suspension period provided that, not less than 15 days before the end of the suspension period, respondent files with the Clerk of Appellate Courts and serves upon the Director an affidavit establishing that she is current in continuing legal education requirements, has complied with Rules 24 and 26, RLPR, and has complied with any other conditions for reinstatement imposed by the court;

5.      Upon reinstatement to the practice of law, respondent shall be subject to probation for 2 years, subject to the following conditions:

(a)      Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with probation and promptly respond to the Director's correspondence by the due date. Respondent shall provide the Director with a current mailing address and shall immediately notify the Director of any change of address. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of this probation;

(b)      Respondent shall abide by the Minnesota Rules of Professional Conduct;

2

(c)     Respondent shall be supervised by a licensed Minnesota attorney, appointed by the Director, to monitor compliance with the terms of probation. Within 2 weeks from the date of this order, respondent shall provide the Director with the names of four attorneys who have agreed to be nominated as respondent's supervisor. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director shall seek to appoint a supervisor. Until a supervisor has signed a consent to supervise, respondent shall on the first day of each month provide the Director with an inventory of client files as described in paragraph (d) below. Respondent shall make active client files available to the Director upon request;

(d)     Respondent shall cooperate fully with the supervisor's efforts to monitor compliance with probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Respondent shall submit to the supervisor an inventory of all active client files by the first day of each month during the probation. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as the Director may reasonably request;

(e)     Respondent shall initiate and maintain office procedures that ensure that there are prompt responses to correspondence, telephone calls, and other important communications from clients, courts, and other persons interested in matters that respondent is handling and that will ensure that respondent regularly reviews each and every file and completes legal matters on a timely basis;

(f)     Respondent shall initiate or continue current treatment by a licensed consulting psychologist or other mental health professional acceptable to the Director and shall complete all therapy programs recommended by the therapist. Respondent shall provide the necessary authorizations to allow the Director to verify respondent's compliance with treatment; and

(g)     Respondent shall maintain law office and trust account books and records in compliance with Minn. R. Prof. Conduct 1.15 and Appendix 1 thereto. These books and records include the following: client subsidiary ledger, checkbook register, monthly trial balances, monthly trust account reconciliation, bank statements, canceled checks, duplicate deposit slips, and bank reports of interest, service charges and interest payments to the Minnesota IOLTA Program. Such books and records shall be made available to the Director within 30 days from the date of the court's order and thereafter

3

shall be made available to the Director at such intervals as he deems necessary to determine compliance.

6.      Within 1 year of the date of filing of this order, respondent shall file with the Clerk of Appellate Courts and serve upon the Director proof of successful completion of the professional responsibility portion of the state bar examination. Failure to timely file the required documentation shall result in automatic re-suspension, as provided in Rule 18(e)(3), RLPR.

Dated:  December 16, 2015          BY THE COURT:

David R. Stras
Associate Justice

4